UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| TERRILL GOODS, SR., <br><br> Plaintiff, <br><br> V. <br><br> FRED. A. STINE, V, *et al.*, <br><br> Defendants. | Civil Action No. 13-CV-19-WOB <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Terrill Goods, Sr., who lists his address as 115 Locust Street, Erlanger, Kentucky, has filed a 42 U.S.C. § 1983 civil rights complaint against various individuals[1] who were involved in a 2005 Kentucky state court criminal proceeding in which Goods pleaded guilty to the felony offense of Receiving Stolen Property (a firearem).

The Court must conduct a preliminary review of Goods's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Goods's complaint under a more lenient standard because he is not represented by an attorney.

---

[1] The named defendants are: (1) Fred A. Stine, V, Judge, Kenton Circuit Court; (2) Steven R. Jaeger; former Judge, Kenton Circuit Court; (3) Joseph Meadows, Prosecutor, Kenton Circuit Court; (4) Eric L. Emmerson, *Pro Bono* Attorney; and (5) Dean Pisacano, Attorney.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Goods's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court will dismiss it because several of the defendants are immune from liability and/or because Goods has failed to state a claim upon which relief can be granted under § 1983.

## BACKGROUND

On March 11, 2005, Goods was charged in the Kenton County Circuit Court with two offenses, First Degree Possession of a Controlled Substance (a felony) and Carrying a Concealed Deadly Weapon (a misdemeanor). *Commonwealth of Kentucky v. Terrill Goods*, No. 05-CR-00142 (Sixteenth Judicial Circuit, Kenton Circuit Court, First Division) ("the State Court Case"). Goods pleaded not guilty to those offenses and the Commonwealth subsequently provided Goods' attorney with discovery.

In May 2005, a third criminal count was filed against Goods, charging him with Receiving Stolen Property (a firearm); the Commonwealth withdrew the two original criminal charges, and Goods pleaded guilty to receiving a stolen firearm. On June 15, 2005, Goods was sentenced to a two-year prison term to be served in the Kentucky State Reformatory, but his sentence was probated for four years, conditioned on Goods maintaining employment, providing proof that he obtained his G. E. D. diploma, undergoing a substance abuse evaluation and any other recommended treatment, and paying court costs

and a $1,000 fine in monthly payments of $100. According to the docket sheet of the State Court Case, Goods did not appeal the June 15, 2005, "Judgment and Sentence on Plea of Guilty." One year later, on May 16, 2006, a warrant was issued charging Goods with committing a felony offense and violating the terms of his probation, and on May 17, 2006, the State Court Case was reopened.

During the next two years, Goods was transferred among the Roederer Correctional Complex, the Bell County Forestry Camp, and a facility identified as "KCDC." On April 23, 2007, Goods filed a motion under Kentucky Rule of Civil Procedure 60.02 to vacate or set aside the Judgment entered on June 15, 2005. Between August 2006 and April 2008, several probation revocation hearings were scheduled then continued, and on July 23, 2007, Fred A. Stine, V, was appointed special judge to preside over the State Court Case. On April 15, 2008, an Order revoking Goods' probation was entered. Goods appealed, but on September 25, 2008, the Kentucky Court of Appeals granted the Commonwealth's motion to dismiss the appeal. *Goods v. Commonwealth of Kentucky*, No. 2008-CA-000809 (Ky. Ct. App. 2008) [R. 14, therein]

On February 5, 2013, Goods filed this § 1983 civil rights action against Stine, Jaeger, Meadows, Emerson, and Pisacano. On March 7, 2013, Goods filed another motion in the State Court Case asking that the Judgment be vacated or set aside pursuant to Kentucky Rule of Civil Procedure 60.02. An order denying that motion was entered on the same day.

## PRIOR CIVIL FEDERAL LITIGATION

In October 2006, while confined in the Bell County Forestry Camp, Goods filed a prior civil rights action against Kenton Circuit Court Judge Gregory M. Bartlett, Kenton County Police Officer Brian Valenti, Attorney Dean Pisacano, and Public Advocates Mike Hummel and Trisha M. Brunk.[2] *Goods v. Barlett*, No. 2:06-CV-196-DLB (E.D. Ky. 2006) Goods alleged that the defendants violated his constitutional rights during the State Court Case, and he sought monetary damages and an order removing them from their respective offices. [R. 1, therein]

On November 7, 2006, the Court screened Goods' § 1983 complaint and entered an Order and Judgment dismissing it *sua sponte*. [R. 6, 7 therein] The Court determined that Goods could not recover damages from any of his attorneys because neither privately retained nor public defender attorneys qualified as "state actors" under § 1983; that the Court lacked authority either to remove state court judges or police officers from their positions or to direct state officials to prosecute them for alleged wrong-doing; that Goods' claims seeking damages from Judge Bartlett were barred by the doctrine of judicial immunity; that Goods' claims against Officer Valenti alleging racial discrimination lacked factual substance; and that Goods' claim that Valenti violated his constitutional rights by arresting him and testifying against him at trial were premature, based on *Heck v. Humphrey*, 512 U.S. 477 (1994). [R. 6, pp. 2-6 therein] Goods did not appeal the dismissal of his 2006 civil rights action.

---

[2] Goods alleged that Pisacano had been his original privately retained attorney in the State Court Case, and Hummel and Brunk were subsequently appointed to represent Goods in that proceeding.

**CLAIMS ASSERTED IN THIS CASE**

Goods alleges that the criminal judgment entered in the State Court Case was obtained in violation of the U.S. Constitution and various Kentucky statutes, and that between June 15, 2005, and February 5, 2013, the defendants violated his right to due process of law, violated his right to be indicted by a grand jury, committed malfeasance of office and perjury, violated several state laws, and engaged in a RICO conspiracy against him.

Specifically, Goods alleges that the indictment in the State Court Case and his subsequent conviction for receiving a stolen firearm are illegal because: (1) the serial number of the stolen firearm which he was convicted of receiving was not listed on the criminal citation; (2) the grand jury indictment was illegal because (a) the grand jury was not provided with the necessary "felony info sheet" concerning him, and (b) the citation charging him with the offense did not contain the serial number of the firearm; (3) Judges Jaeger and/or Stine improperly prolonged his case by waiting two years to conduct his probation revocation hearing and six years to rule on his first motion to vacate his sentence; (4) Judge Stine incorrectly determined that Goods' July 2007 motion to vacate his criminal judgment was untimely; and (5) Prosecutor Joseph Meadows assured him that his case would be resolved and then wrote him "...bribe letters to waive any appellate measures or grievances." [R. 1, p. 2, ¶ III(A)]

Goods states that he is currently on parole for the "gun charge R.S.P. over $300." [*Id.*, p. 5, § IV (A) (4)]. Goods further alleges that he has complained about the defendants to the "Bar Association" and the "Judicial Committee," but that "no one would respect my

position." [*Id*., § IV (A)(5)]. The only relief which Goods seeks is "due process." [*Id*., § VI]

## DISCUSSION

To the extent that Goods seeks only an order declaring that state court criminal conviction was obtained in violation of his rights guaranteed under the federal constitution, Goods must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. "The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. 2254." *Jackim v. City of Brooklyn*, No. 1:05CV1678, 2010 WL 4923492, at *4 (N.D. Ohio November 29, 2010) (citing *Houston v. Buffa*, No. 06-CV-10140-DT, 2007 WL 1005715, at *7 (E.D. Mich. Mar. 30, 2007)).

If, alternatively, the "due process which Goods seeks consists of monetary damages from the defendants, he can not recover damages in this § 1983 proceeding, based on the doctrine set forth in *Heck v. Humphrey*. Goods' allegation that the state court judges (Jaeger and Stine), the prosecutor (Meadows), his privately retained attorney (Pisacano) and his public advocate/pro bono attorney (Emerson) violated his constitutional rights during various stages of the State Court Case amounts to nothing more than a collateral challenge of his criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994) holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id*. at 486-87. In other words, before Goods can seek money damages in this federal civil rights proceeding

in which he claims that his criminal conviction was unlawfully obtained, he must show a favorable termination of his criminal conviction, *i.e.*, that his conviction has been overturned or set aside.

Goods cannot demonstrate a favorable termination of the State Court Case, which he did not appeal and which it does not appear he has collaterally challenged by filing a habeas corpus petition under 28 U.S.C. § 2254. Because Goods either has served, or currently is serving a lawfully imposed state sentence which has not been reversed, set aside, or otherwise called into question, he can not collaterally attack his criminal conviction in this § 1983 civil rights action by seeking damages from the defendants who were involved in his criminal prosecution.

The *Rooker-Feldman* doctrine also bars Goods's allegations against the state court prosecutor and presiding judge. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). Goods does not allege, and the docket sheet from the State Court Case does not indicate, that

he appealed the criminal judgment through the Kentucky appellate court system or that he asked the United States Supreme Court to review his conviction and sentence.

To the extent Goods may be seeking damages from Judges Jaeger and Stine, the doctrine of absolute judicial immunity bars such claims. *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Goods' allegation that the two judges delayed taking certain actions and/or that they rendered incorrect rulings in his criminal case does not deprive either of them of the absolute judicial immunity which shields them from liability in this § 1983 proceeding. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...." *Stump v. Sparkman*, 435 U.S. 349, 356-359 (1978). An act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). Thus, Goods may not recover damages from Jaeger and Stine.

Prosecutor Joseph Meadows is also immune from damages under § 1983. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court explicitly recognized that prosecutors enjoy absolute immunity from § 1983 suits for damages when they act within the scope of their prosecutorial duties. *Imbler,* 424 U.S. at 420. Goods alleges nothing to suggest that

8


Meadows was not acting in his capacity as a prosecutor during the pendency of the State Court Case.

For the same reasons discussed in the order dismissing Goods' 2006 civil rights action, Goods is also precluded from recovering damages from either his privately-retained attorney (Pisacano) or his publically-appointed/ *pro bono* attorney (Emmerson). In order to prevail in a § 1983 action, the plaintiff must show that he was deprived of a constitutional right and that the deprivation occurred under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Neither privately-retained attorneys nor court-appointed public defenders are considered "state actors" under § 1983. *Washington v. Brewer*, 948 F.2d 1291, 1991 WL 243591 at *1 (6th Cir. Nov. 21, 1991)(Table) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). For this reason, Goods fails to state a claim upon which relief can be granted against either Pisacano or Emmerson under § 1983.

Finally, having dismissed Goods' underlying federal claims, the Court declines to exercise jurisdiction over his pendent claims alleging a violation of his rights guaranteed under state law. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Goods is free to assert his state law claims in state court, although the Court expresses no opinion as to whether such claims would be time-barred and/or meritorious.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The constitutional claims asserted under 42 U.S.C. § 1983 in the complaint filed by Plaintiff Terrill Goods, Sr., [R. 1] are **DISMISSED WITH PREJUDICE**.

2. The state law claims asserted in the complaint filed by Plaintiff Terrill Goods, Sr., [R. 1] are **DISMISSED WITHOUT PREJUDICE**.

3. Goods' complaint [R. 1] is **DISMISSED** and this matter is **STRICKEN** from the active docket.

4. The Court will enter an appropriate judgment.

This June 18, 2013.



Signed By:
*William O. Bertelsman* WOB
United States District Judge